**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Paige Scholin, individually, and on behalf of the Digi-Key Corporation 401(k) Profit Sharing Plan, and on behalf of all the similarly situated participants and beneficiaries of the plan,<br><br>  Plaintiff,<br><br>  v.<br><br>Digi-Key Corporation; Digi-Key Corporation 401(k) Profit Sharing Plan Committee; John and Jane Does 1-30 in their capacities as fiduciaries and members of the Committee,<br><br>  Defendants. | Case No. 0:26-cv-01485-JMB-LIB |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DIGI-KEY CORPORATION AND DIGI-KEY CORPORATION 401(k) PROFIT SHARING PLAN COMMITTEE'S MOTION TO DISMISS**

TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

ARGUMENT ..................................................................................................................... 3

    I.    Plaintiff has not established the Comparator TDFs are meaningful benchmarks for American Century TDFs ........................................................... 3

        A.    Plaintiff has not pleaded facts regarding the structures, objectives, investment strategies, and risk profiles of her Comparator TDFs .............. 3

        B.    Plan documents confirm the Comparator TDFs are not meaningful benchmarks for American Century TDFs .................................................... 7

    II.    American Century TDFs' alleged underperformance is insufficient to infer a plausible imprudence claim ................................................................ 10

CONCLUSION ................................................................................................................. 14

TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abel v. CMFG Life Ins. Co.*,
  2024 WL 307489 (W.D. Wis. Jan. 26, 2024) ......................................................... 2, 11

*Anderson v. Intel Corp.*,
  2021 WL 229235 (N.D. Cal. Jan. 21, 2021) ............................................................. 12

*Anderson v. Intel Corp. Inv. Pol'y Comm.*,
  579 F. Supp. 3d 1133 (N.D. Cal. 2022) ....................................................................... 5

*Batt v. 3M Co.*,
  2026 WL 674322 (D. Minn. Mar. 10, 2026) ........................................................*passim*

*Beldock v. Microsoft Corp.*,
  2023 WL 3058016 (W.D. Wash. Apr. 24, 2023).................................................... 3, 12

*Carter v. Sentara Healthcare Fiduciary Comm.*,
  2025 WL 2427614 (E.D. Va. Aug. 11, 2025)........................................................ 12, 13

*Cho v. Prudential Ins. Co. of Am.*,
  2021 WL 4438186 (D.N.J. Sept. 27, 2021) ............................................................ 2, 11

*Davis v. Wash. Univ.*,
  960 F.3d 478 (8th Cir. 2020) ....................................................................................... 2

*Dawson v. Brookfield Asset Mgmt. LLC*,
  2026 WL 835553 (N.D. Ohio Mar. 26, 2026) ........................................................ 7, 12

*Doll v. Evergy, Inc.*,
  2025 WL 4042583 (W.D. Mo. Sept. 10, 2025) ........................................................... 13

*Enstrom v. SAS Inst. Inc.*,
  820 F. Supp. 3d 410 (E.D.N.C. 2026)......................................................................... 10

*Fezer v. Lockheed Martin Corp.*,
  2026 WL 1041276 (D. Md. Apr. 16, 2026)................................................................. 13

*Fitzpatrick v. Neb. Methodist Health Sy., Inc.*,
  2024 WL 6977298 (D. Neb. Sept. 20, 2024) ............................................................ 2, 5

*Gonzalez v. Northwell Health, Inc.*,
  632 F. Supp. 3d 148 (E.D.N.Y. 2022) ........................................................................ 11

*Hall v. Cap. One Fin. Corp.*,
2023 WL 2333304 (E.D. Va. Mar. 1, 2023) ........................................................ 4, 5, 12

*Matousek v. MidAmerican Energy Co.*,
51 F.4th 274 (8th Cir. 2022) .............................................................................. 6, 7

*McGeathy v. Reinalt-Thomas Corp.*,
2026 WL 617343 (D. Ariz. Mar. 5, 2026) ........................................................... 6

*Meiners v. Wells Fargo & Co.*,
2017 WL 2303968 (D. Minn. May 25, 2017) ..................................................... 2, 8, 9

*Meiners v. Wells Fargo & Co.*,
898 F.3d 820 (8th Cir. 2018) ............................................................................ 1, 13

*Parmer v. Land O'Lakes, Inc.*,
518 F. Supp. 3d 1293 (D. Minn. 2021) ............................................................. 7, 9

*Payne v. Hormel Foods Corp.*,
2024 WL 4228613 (D. Minn. Sept. 18, 2024) ................................................... 4, 5

*Phillips v. Cobham Advanced Elec. Sols., Inc.*,
2024 WL 3228097 (N.D. Cal. June 28, 2024) .................................................... 12

*Phillips v. Cobham Advanced Elec. Sols., Inc.*,
2025 WL 2689268 (N.D. Cal. Sept. 19, 2025) .................................................. 2, 9, 10

*Rosenkranz v. Altru Health Sys.*,
2021 WL 5868960 (D.N.D. Dec. 10, 2021) ....................................................... 4

*Rubke v. ServiceNow, Inc.*,
No. 24-cv-01050-TLT (N.D. Cal. Apr. 22, 2025) ............................................. 7

*Schave v. CentraCare Health Sys.*,
2023 WL 1071606 (D. Minn. Jan. 27, 2023) ..................................................... 1, 3, 6

*Snyder v. UnitedHealth Group, Inc.*,
2021 WL 5745852 (D. Minn. Dec. 2, 2021) ....................................................... 6

*Tullgren v. Hamilton*,
2023 WL 2307615 (E.D. Va. Mar. 1, 2023) ....................................................... 5

*Tussey v. ABB, Inc.*,
850 F.3d 951 (8th Cir. 2017) ............................................................................ 1

*Usenko v. MEMC LLC*,
926 F.3d 468 (8th Cir. 2019) ............................................................................ 1

## INTRODUCTION

Plaintiff would have this Court hold that if a fiduciary makes an investment decision that results in anything but the highest rate of return during a particular period, that gives rise to a plausible ERISA claim. That is not the law. "ERISA requires fiduciaries to act with prudence, not prescience," *Usenko v. MEMC LLC*, 926 F.3d 468, 473 (8th Cir. 2019), and "[n]o authority requires a fiduciary to pick the best performing fund," *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 823 (8th Cir. 2018). This is because "some investments are simply meant to pay off less than others, in return for lower risks, different exposures, or countless other considerations." *Tussey v. ABB, Inc.*, 850 F.3d 951, 960 n.8 (8th Cir. 2017). With these principles in mind, and for two primary reasons, Plaintiff's opposition confirms that she has not plausibly alleged ERISA claims against DigiKey.

***First***, Plaintiff has not alleged facts to satisfy the meaningful-benchmark pleading standard. This standard requires Plaintiff to ***affirmatively*** plead facts showing that American Funds, BlackRock, T. Rowe Price, or Vanguard TDFs ("Comparator TDFs") "hold similar securities, have similar strategies, and reflect a similar risk profile" as American Century TDFs. *Schave v. CentraCare Health Sys.*, 2023 WL 1071606, at *6 (D. Minn. Jan. 27, 2023) (citation omitted). Plaintiff's complaint contains no such allegations. Instead, Plaintiff argues this Court should hold her Comparator TDFs are meaningful benchmarks for American Century TDFs based on certain "modern portfolio theory ('MPT') metrics" ("MPT Metrics"). ECF Doc. 25 ("Opp'n Br.") at 11-15. Plaintiff offers ***no authority*** finding MPT Metrics relevant to the analysis. And no such authority exists, because MPT Metrics speak to funds' performances, not their structural comparability.

- 1 -

*E.g.*, *Fitzpatrick v. Neb. Methodist Health Sy., Inc.*, 2024 WL 6977298, at *7-8 (D. Neb. Sept. 20, 2024) (holding MPT metrics cannot satisfy meaningful-benchmark standard).

Instead, the key considerations for the meaningful-benchmark inquiry are glide paths and asset allocations. *E.g.*, *Batt v. 3M Co.*, 2026 WL 674322, at *6 (D. Minn. Mar. 10, 2026); *Meiners v. Wells Fargo & Co.*, 2017 WL 2303968, at *3 (D. Minn. May 25, 2017); *Abel v. CMFG Life Ins. Co.*, 2024 WL 307489, at *5 (W.D. Wis. Jan. 26, 2024). On both fronts, Plaintiff's Comparator TDFs fall short. American Funds, T. Rowe Price, and Vanguard TDFs utilize a different glide path than American Century TDFs, so cannot be meaningful benchmarks. *E.g.*, *Phillips v. Cobham Advanced Elec. Sols., Inc.*, 2025 WL 2689268, at *7 (N.D. Cal. Sept. 19, 2025) (concluding, for this reason, that American Funds and T. Rowe Price TDFs are not meaningful benchmarks for American Century TDFs). And the Comparator TDFs had different asset allocations than American Century TDFs, which is an independent basis for concluding they are not meaningful benchmarks. *E.g.*, *Davis v. Wash. Univ.*, 960 F.3d 478, 485 (8th Cir. 2020).

**Second**, even if Plaintiff pleaded a meaningful benchmark, the modest underperformance alleged in the complaint does not plausibly allege imprudence. Depending on the year and fund vintage, Plaintiff alleges that American Century TDFs underperformed the Comparator TDFs by between 0.01% and 3.00%. Numerous courts have held that alleged "underperformance ranging from 0.2 percent to 5 percent" is not actionable as a matter of law. *Batt*, 2026 WL 674322, at *8; *see also, e.g.*, *Cho v. Prudential Ins. Co. of Am.*, 2021 WL 4438186, at *9 (D.N.J. Sept. 27, 2021). Here again, Plaintiff argues that MPT Metrics should inform the underperformance analysis, but courts

- 2 -

have held that datapoints which "merely [add an] additional measurement[] of investment performance" "do not save" an imprudence claim if the underlying underperformance is insufficiently substantial. *Beldock v. Microsoft Corp.*, 2023 WL 3058016, at *3 (W.D. Wash. Apr. 24, 2023) (citation omitted).

This Court should dismiss Plaintiff's claims with prejudice.

## ARGUMENT

**I.    Plaintiff has not established the Comparator TDFs are meaningful benchmarks for American Century TDFs.**

Plaintiff acknowledges that to plead her ERISA claims, she must provide "a sound basis for comparison—a meaningful benchmark." Opp'n Br. 7-8 (quoting *Matousek v. MidAmerican Energy Co.*, 51 F.4th 274, 278 (8th Cir. 2022)). Plaintiff has not pleaded a meaningful benchmark here because: (1) she offers *zero* allegations regarding the structures, objectives, investment strategies, and risk profiles of her Comparator TDFs; and (2) plan documents confirm her Comparator TDFs are not meaningful benchmarks for American Century TDFs.

### A.    Plaintiff has not pleaded facts regarding the structures, objectives, investment strategies, and risk profiles of her Comparator TDFs.

Plaintiff bears the burden of pleading facts sufficient to satisfy the meaningful-benchmark standard. *See Schave*, 2023 WL 1071606, at *6 ("[A] complaint should allege whether the alternative funds 'hold similar securities, have similar strategies, and reflect a similar risk profile.'" (citation omitted)). This standard exists because "TDFs encompass a range of investment goals, risk profiles, and underlying funds," making it necessary for

Plaintiff to "advance comparators that have similar investment strategies to the challenged fund." *Hall v. Cap. One Fin. Corp.*, 2023 WL 2333304, at *6 (E.D. Va. Mar. 1, 2023).

Plaintiff does not dispute that her complaint offers ***zero*** allegations regarding the "structure[s], objectives, strateg[ies], and risk profile[s]" of her Comparator TDFs. *Payne v. Hormel Foods Corp.*, 2024 WL 4228613, at *6 (D. Minn. Sept. 18, 2024). Numerous courts have held that imprudence claims should be dismissed where no such allegations are included in the complaint. ECF Doc. 22 ("Opening Br.") at 19-21; *see also Hall*, 2023 WL 2333304, at *6 (dismissing claim where complaint was "silent on whether the Comparator TDFs use 'through' or 'to' retirement glidepaths … or how the Comparator TDFs' underlying equity and bond funds are allocated among the types and categories of possible equity and bond funds," so there were "no factual allegations demonstrating that the Comparator TDFs are meaningful comparators to the BlackRock TDFs"); *Rosenkranz v. Altru Health Sys.*, 2021 WL 5868960, at *11 (D.N.D. Dec. 10, 2021) (concluding plaintiffs failed to satisfy meaningful-benchmark standard because they "did not provide any information regarding the investment strategy for either the American Funds or the Fidelity Funds" and "failed to allege any information regarding the glide path").

Rather than address the features relevant to the meaningful-benchmark pleading standard, Plaintiff points to six MPT Metrics and argues that because American Century TDFs underperformed on those metrics as compared to the Comparator TDFs, that somehow renders those other TDFs meaningful benchmarks. *See* Opp'n Br. 11-15. Tellingly, Plaintiff offers ***no authority*** supporting her proposition that MPT Metrics are relevant to the meaningful-benchmark inquiry. No such authority exists. On the contrary,

- 4 -

courts have held that MPT Metrics do not inform the meaningful-benchmark analysis. Most notably, in *Fitzpatrick*, the Nebraska federal court specifically rejected plaintiffs' contention that MPT Metrics "account[] for the Eighth Circuit's comparator criterion and additional comparability factors." 2024 WL 6977298, at *8. The court explained that "MPT generally preaches 'the benefit of diversification across and within asset classes,' instructing fiduciaries to evaluate assets not 'in isolation, but rather in the context of the portfolio as a whole,'" and that MPT Metrics do not "reveal any similarities between the funds and the complained-of series or otherwise establish them as proper comparators." *Id.* (citation omitted); *see also Tullgren v. Hamilton*, 2023 WL 2307615, at *7 (E.D. Va. Mar. 1, 2023) ("The Sharpe ratio cannot substitute making two funds comparable in the first place."); *Hall*, 2023 WL 2333304, at *5 (concluding data regarding "the Sharpe ratio … fails to resolve the[] deficiencies" regarding plaintiffs' meaningful-benchmark allegations). *Fitzpatrick*, *Tullgren*, and *Hall* make sense, because the meaningful-benchmark standard focuses on the ***structural comparability*** of funds, not performance metrics. And the MPT Metrics reveal ***nothing*** about TDFs' "structure[s], objectives, strateg[ies], and risk profile[s]." *Payne*, 2024 WL 4228613, at *6. Accordingly, MPT Metrics have no bearing on whether two TDFs have sufficiently similar structures to be meaningful benchmarks.

Plaintiff also appears to contend her Comparator TDFs should be considered meaningful benchmarks for American Century TDFs because they are "investible, market-leading TDF suites" that hold a significant market share. Opp'n Br. 9-10. Courts have rejected this exact argument. *E.g.*, *Anderson v. Intel Corp. Inv. Pol'y Comm.*, 579 F. Supp.

3d 1133, 1150 (N.D. Cal. 2022), *aff'd*, 137 F.4th 1015 (9th Cir. 2025) (rejecting argument that comparators were meaningful benchmarks because they were "among the most widely-recognized providers in the industry with strong reputations," explaining plaintiffs failed to provide factual allegations showing the at-issue TDFs "have similar aims, risks, and rewards as Plaintiffs' chosen comparators").

Plaintiff offers *McGeathy v. Reinalt-Thomas Corp.*, 2026 WL 617343 (D. Ariz. Mar. 5, 2026) and *Snyder v. UnitedHealth Group, Inc.*, 2021 WL 5745852 (D. Minn. Dec. 2, 2021) to argue she has pleaded a meaningful benchmark. *See* Opp'n Br. 8-10. These cases are inapposite. In *McGeathy*, plaintiff made specific allegations "evaluat[ing] the aims, risks, and potential rewards of each comparator fund," including "describ[ing] the glide path of each comparator fund and the types of investments they engage in," and the court concluded disputes regarding comparator funds are "more appropriate for summary judgment." 2026 WL 617343, at *3 (citations omitted). *Id.* Here, Plaintiff's complaint contains no such allegations, and caselaw from the Eighth Circuit and this District establish that Plaintiff must affirmatively satisfy the meaningful-benchmark standard at the motion-to-dismiss stage. *E.g.*, *Matousek*, 51 F.4th at 281; *Schave*, 2023 WL 1071606, at *6; *see also Batt*, 2026 WL 674322, at *5 (rejecting similar arguments based on caselaw outside this jurisdiction, explaining such cases "appl[y] a more lenient pleading standard than the Eighth Circuit requires"). Similarly, in *Snyder*, plaintiff alleged the comparator funds and defendant's selected fund "share[d] similar purposes, allocate[d] funds among asset classes similarly, and gradually reduce[d] market risk exposure in comparable ways." 2021 WL 5745852, at *3. Here, Plaintiff offers no allegations regarding the Comparator TDFs' aims,

risk profiles, fund allocations, or processes for "reduc[ing] market risk exposure" (i.e., glide paths), or how those data points compare to American Century TDFs.[1]

Because Plaintiff offers no allegations regarding the structures, objectives, investment strategies, and risk profiles of her Comparator TDFs, she has not satisfied the meaningful-benchmark pleading standard and her claims should be dismissed.[2]   *See* Opening Br. 19-21; *Matousek*, 51 F.4th at 281.

### B.      Plan documents confirm the Comparator TDFs are not meaningful benchmarks for American Century TDFs.

Although this Court may resolve the meaningful-benchmark inquiry based on the absence of allegations in Plaintiff's complaint, the plan documents for her Comparator TDFs confirm they are not meaningful benchmarks for American Century TDFs.  *E.g.*, *Parmer v. Land O'Lakes, Inc.*, 518 F. Supp. 3d 1293, 1306 (D. Minn. 2021) (dismissing

---

[1] Plaintiff's citation to *Rubke v. ServiceNow, Inc.*, No. 24-cv-01050-TLT, ECF Doc. 90 (N.D. Cal. Apr. 23, 2025), also misses the mark because that case involved allegations of "direct process errors"—including ignoring "multiple red flags" raised by defendant's "investment consultant"—and the court concluded plaintiff was not required to "allege meaningful benchmarks in connection with direct allegations of process errors."  *Id.* at 2, 8; *see also see* Opp'n Br. 13.  Plaintiff does not and cannot allege "direct process errors" here.

[2] Plaintiff also points to the allegation that "for some period of time … [American Century TDF managers] compared their TDF series to the American Funds TDF in their marketing materials."  Compl. ¶ 65 n.8; Opp'n Br. 5, 9, 12-13, 25, 30-31.  But a TDF *factually* comparing itself to another TDF does not render that other TDF *legally* a meaningful benchmark.  Moreover, to the extent certain non-Eighth Circuit courts have found internal comparisons meaningful, that has been limited to "a plaintiff … plead[ing] a duty-of-prudence claim based upon a passive fund underperforming its own internal benchmark." *Dawson v. Brookfield Asset Mgmt. LLC*, 2026 WL 835553, at *13 (N.D. Ohio Mar. 26, 2026).  In *Dawson*, the court specifically rejected allegations that "American Century TDFs materially … underperformed their own benchmarks," because American Century TDFs are an "actively managed fund." *Id.* at *14.

imprudence claim because "each fund's prospectus confirms that each fund holds different concentrations of bonds, has varying numbers of underlying funds, and uses various glide path strategies," and thus "do not provide meaningful benchmarks" for the defendant's fund); *see also* Opening Br. 21-25.

Plaintiff does not dispute that American Funds, T. Rowe Price, and Vanguard TDFs utilize a "through retirement" glide path, rather than the "to retirement" glide path utilized by American Century (and BlackRock) TDFs. *See* Opening Br. 6-8; *see also Batt*, 2026 WL 674322, at *6 (noting American Funds and Vanguard TDFs "feature 'through' retirement glide paths").[3] Numerous courts have held that TDFs utilizing different glide paths are not meaningful benchmarks for each other because "[d]ifferent glide paths …

---

[3] Plaintiff does not meaningfully dispute that fund documents are properly considered on a motion to dismiss ERISA imprudence claims. *See* Opening Br. 16. But Plaintiff argues this Court should not consider contemporaneous fund documents because her allegations focus on the period from 2018 through 2023. *See* Opp'n Br. 21-23. Plaintiff **offers no supporting authority**, nor does she demonstrate fund documents from those years would compel a different result. And courts routinely consider contemporaneous fund documents when conducting the meaningful-benchmark analysis. For example, in *Batt*, the complaint alleged 3M's TDFs underperformed from 2014 through 2023, *see* Case No. 25-cv-03149-ECT-DTS, ECF Doc. 1 ¶¶ 83-86, and the court relied on prospectuses and fact sheets from 2025 to conclude there were "material dissimilarities" between the funds because they "have different glide paths" and "different or incomparable asset compositions," 2026 WL 674322, at *6 (citing ECF Docs. 29-11 (July 31, 2025 fact sheet), 29-12 (Jan. 1, 2025 summary prospectus), 36-1 (Feb. 28, 2025 fact sheet), 36-2 (June 30, 2025 fact sheet), 36-4 (May 30, 2025 summary prospectus)). Similarly, in *Meiners*, the complaint alleged underperformance dating back to 2010, *see* Case No. 16-cv-03981-DSD-FLN, ECF Doc. 1 ¶¶ 30-31, 43, and the court relied on prospectuses from 2016 to conclude the meaningful-benchmark standard had not been satisfied because "Wells Fargo funds have a higher allocation of bond than Vanguard funds," 2017 WL 2303968, at *3 (citing ECF Docs. 43-6 (July 1, 2016 prospectus) and 44-3 (Jan. 28, 2016 prospectus)). Regardless, in 2019, American Funds, T. Rowe Price, and Vanguard TDFs were also utilizing "through retirement" glide paths, while American Century TDFs were utilizing "to retirement" glide paths. *See* Supp. Decl. of Todd A. Noteboom, Exs. HH, II, JJ, KK.

reflect different investment and risk-mitigation strategies." *Phillips*, 2025 WL 2689268, at \*7; *see also* Opening Br. 22.  In fact, Plaintiff effectively concedes this, acknowledging that even her Comparator TDFs have different investment goals and risk profiles, with BlackRock "maximiz[ing] risk reduction," T. Rowe Price "accept[ing] a less conservative posture," and American Funds and Vanguard "s[eeking] a middle ground" between BlackRock and T. Rowe Price.  Opp'n Br. 30.

Plaintiff also does not dispute that her Comparator TDFs have different asset allocations than American Century TDFs.  *See* Opening Br. 10.  Here too, numerous courts have held that TDFs with different asset allocations are not meaningful benchmarks.  *E.g.*, *Batt*, 2026 WL 674322, at \*6; *Parmer*, 518 F. Supp. 3d at 1306; *see also* Opening Br. 23-25.  This rule has particular applicability here, where—with the exception of the BlackRock 2030 and 2035 TDFs—***every*** vintage of Comparator TDF offered by Plaintiff had approximately 10% or more of their assets allocated to equities than the American Century counterpart.  *See* Opening Br. 10.  Courts routinely conclude that where a comparator TDF's asset allocation differs from the at-issue TDF's to this degree, it is not a meaningful benchmark.  For example, in *Meiners*, the District of Minnesota dismissed plaintiff's claim because fund prospectuses established the defendant's selected fund had, depending on vintage, between 3% and 27% more assets allocated to bonds than the proposed comparator fund.  *See* 2017 WL 2303968, at \*3[4]; *see also, e.g.*, *Batt*, 2026 WL 674322, at \*6 (no meaningful benchmark alleged because, in part, the at-issue TDF "ha[d] different asset

---

[4] The prospectuses cited by the court are available at *Meiners*, Case No. 16-cv-03981-DSD-FLN, ECF Docs. 43-6, 44-3.

- 9 -

allocations" from its comparator TDF where it "ha[d] 1% bonds and about 45% non-U.S. stocks" and the alleged comparator "h[eld] about 10% bonds and 35% non-U.S. stocks over the same time frame"); *Enstrom v. SAS Inst. Inc.*, 820 F. Supp. 3d 410, 421 (E.D.N.C. 2026) (no meaningful benchmark pleaded where complaint alleged that, as compared to defendant's selected TDF, certain comparator TDFs had between 0.3% and 8.2% more assets invested in equities, and other comparator TDFs had between 4.5% and 6.1% less assets invested in equities (citing Case No. 24-cv-00105-D-RN, ECF Doc. 33 ¶ 97)); *Phillips*, 2025 WL 2689268, at **6-7 (no meaningful benchmark pleaded where comparator TDFs had between 13% and 23% more of their assets invested in equities than defendant's selected TDF).

Accordingly, even setting aside Plaintiff's failure to meet her burden of pleading facts to satisfy the meaningful-benchmark standard, the relevant fund documents confirm that, as a matter of law, Plaintiff's Comparator TDFs are not meaningful benchmarks for American Century TDFs.

## II.    American Century TDFs' alleged underperformance is insufficient to infer a plausible imprudence claim.

Plaintiff also acknowledges that, even assuming a meaningful benchmark had been pleaded adequately, her imprudence claim is based solely on allegations that imprudence should be *inferred*. *E.g.*, Opp'n Br. 31 (asserting there are "circumstantial facts … from which the Court may reasonably infer" imprudence). In *Batt*, this District explained that "[c]ourts will not find liability where a plaintiff alleges only modest underperformance" to support an imprudence claim. 2026 WL 674322, at *7. Instead, "courts in this District

- 10 -

and elsewhere" have permitted imprudence claims to proceed past the motion-to-dismiss stage only "where plaintiffs have demonstrated 'consistent, ten-year underperformance' that is '***substantial***.'" *Id.* (emphasis added) (citation omitted). *Batt* specifically highlighted instances where "the lowest underperformance … [wa]s around 2.5 percent" and the "underperformance rang[ed] from 0.2 percent to 5 percent" as failing to allege imprudence plausibly. *Id.* (citations omitted).

Other courts have likewise held that alleged underperformance ranging from 0% to 3% does not adequately plead an imprudence claim. *E.g.*, *Abel*, 2024 WL 307489, at *5 ("[D]istrict courts around the country have rejected breach of fiduciary duty claims based on … alleged[] short-term differences in performance of between 1.14 to 4.4% immaterial."); *Gonzalez v. Northwell Health, Inc.*, 632 F. Supp. 3d 148, 164 (E.D.N.Y. 2022) (concluding "underperform[ing] … on average by 2.33% on a rolling three-year trailing basis and 2.57% on a rolling trailing five-year basis" was "not the type of substantial underperformance over a lengthy period that gives rise to a plausible inference" of imprudence); *Cho*, 2021 WL 4438186, at *9 (concluding "Plaintiff has not alleged that the underperformance was sufficiently substantial" where they alleged a "five-year trailing performance … ranging from .07% to 3.71%" and a "ten-year trailing performance … ranging from 1.19% to 2.86%"); *see also* Opening Br. 30-31. The alleged annualized underperformance here, ranging from 0.01% to 3.00% over a short period, falls squarely within the range of alleged underperformance that myriad courts have held is inactionable as a matter of law. In fact, the Northern District of Ohio recently held that "during the three-year period ending December 31, 2018, and since 2019 and 2021," American Century

TDFs' performance as compared to American Funds, BlackRock, T. Rowe Price, and Vanguard TDFs reflected only a "modest underperformance [that] is insufficient to infer imprudence," and granted the defendant's motion to dismiss. *Dawson*, 2026 WL 835553, at *3, **19-20.  Plaintiff offers no persuasive reason to conclude otherwise here.

Here again, Plaintiff argues the MPT Metrics alleged in the complaint should change the underperformance analysis.  Plaintiff is wrong.  Plaintiff offers ***no authority*** indicating that MPT Metrics should impact the underperformance analysis.  In fact, courts routinely reject Plaintiff's argument.  For example, in *Beldock*, the Western District of Washington concluded that allegations regarding the at-issue TDFs' "Sharpe ratio metric[s] … do not save Plaintiffs' [imprudence] claim" because that metric is "merely [an] additional measurement[] of investment performance."  2023 WL 3058016, at *3 (citation omitted); *accord Hall*, 2023 WL 2333304, at *6.  Likewise, in *Phillips v. Cobham Advanced Electronic Solutions, Inc.*, the Northern District of California concluded it "cannot reasonably infer" imprudence based on allegations that a defendant should have considered additional "performance metric[s]" when deciding to retain the at-issue fund.  2024 WL 3228097, at *8 (N.D. Cal. June 28, 2024); *see also, e.g.*, *Anderson v. Intel Corp.*, 2021 WL 229235, at *7  (N.D. Cal. Jan. 21, 2021) (allegations that defendant's TDF underperformed "both in absolute terms and on a risk-adjusted basis" were "insufficient to state a claim for breach of the duty of prudence" (citation omitted)).

Plaintiff points this Court to a few decisions purportedly supporting her underperformance arguments, but they are not on point.  *See* Opp'n Br. 34-39.  In *Carter v. Sentara Healthcare Fiduciary Committee*, the Eastern District of Virginia first noted that

"[m]ultiple courts have found 'alleged underperformance—between one and four percent of a benchmark—fails to state a plausible ERISA claim,'" but declined to dismiss plaintiffs' claim because "[t]he Fourth Circuit has not ruled that underperformance alone is insufficient to sustain an ERISA Claim." 2025 WL 2427614, at \*5 (E.D. Va. Aug. 11, 2025) (citation omitted). By contrast, the Eighth Circuit has specifically held "[t]he fact that one fund with a different investment strategy ultimately performed better ***does not establish anything about whether [the selected fund was] an imprudent choice***." *Meiners*, 898 F.3d at 823 (emphasis added) (footnote omitted). Likewise, in *Doll v. Evergy, Inc.*, the Western District of Missouri cited allegations of both underperformance "*and* specific incidences where Defendants failed to evaluate and monitor the American Century TDFs in accordance with their guidelines." 2025 WL 4042583, at \*3-4 (W.D. Mo. Sept. 10, 2025). Here, Plaintiff has not offered (and cannot offer) any "significant allegations of wrongdoing" akin to what was pleaded in *Doll*. *See id.* at \*3 (alleging defendant "engaged in at least five major Plan fiduciary process errors during the Class Period that deviated from" guidelines in its investment policy statements). And in *Fezer v. Lockheed Martin Corp.*, the District of Maryland denied the motion to dismiss because plaintiff alleged not just underperformance based on "annualized ***10-year*** returns," but also that "the underperforming [TDFs] … [had] potential financial benefits to [a defendant]" and defendants "were on notice of [the] deficiencies in selecting funds based on a prior lawsuit … and an internal review of the performance of the Plans' funds." 2026 WL 1041276, at \*\*2, 7 (D. Md. Apr. 16, 2026) (emphasis added). No similar allegations are present here.

Plaintiff has not identified any authority supporting the proposition that imprudence may be inferred from a defendant's select fund underperforming certain other funds by between 0.01% and 3.00%. On the contrary, myriad courts have granted motions to dismiss ERISA imprudence claims for this exact reason. *See* Opening Br. 28-33. Plaintiff offers no persuasive reason for deviating from these authorities. Accordingly, even if this Court concludes that Plaintiff has satisfied the meaningful-benchmark pleading standard, her claims still fail as a matter of law.[5]

### CONCLUSION

This Court should grant DigiKey's Motion to Dismiss.

Dated:  June 16, 2026                Respectfully submitted,

*/s/ Todd A. Noteboom*
Todd A. Noteboom (#0240047)
Keith S. Moheban (#0216380)
Andrew P. Leiendecker (#0399107)
Sarah R. Almquist (#0403469)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
todd.noteboom@stinson.com
keith.moheban@stinson.com
andrew.leiendecker@stinson.com
sarah.almquist@stinson.com

***Attorneys for Defendants Digi-Key Corporation and Digi-Key Corporation 401(k) Profit Sharing Plan Committee***

---

[5] Plaintiff does not dispute that if her imprudence claim is dismissed, her failure-to-monitor must also be dismissed. *E.g.*, *Batt*, 2026 WL 674322, at *8 n.4; Opening Br. 33.